[Crim. No. 3593. Fifth Dist. Dec. 13, 1979.]

THE PEOPLE, Plaintiff and Respondent,v.
JOSEPH RAYMOND HERNANDEZ, Defendant and Appellant.

638

640

#### COUNSEL

Paul Halvonik and Quin Denvir, State Public Defenders, under appointment by the Court of Appeal, Ezra Hendon and Ruth L. Young, Chief Assistant State Public Defenders, Mark L. Christiansen and James G. Wright, Deputy State Public Defenders, for Defendant and Appellant.

Evelle J. Younger and George Deukmejian, Attorneys General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Roger E. Venturi, Anthony L. Dicce and Vincent J. Scally, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

#### OPINION

**HOPPER, J.**—Appellant was convicted of a violation of Penal Code section 4574 (possession of a dangerous weapon while confined in the county jail). He admitted a prior burglary conviction in San Bernardino County for which he served a prison term. Appellant makes several contentions on appeal.

■ First, appellant contends that the trial court committed error in failing to properly advise him concerning admission of priors. Before an accused can validly admit a prior felony conviction, he must be advised of, and waive, the same constitutional rights waived as to a finding of guilt in case of a guilty plea, i.e., his right to jury trial, confrontation and against self-incrimination as to the prior. And further the accused must be advised of the legal consequences of his admission (*In re Yurko* (1974) 10 Cal.3d 857, 863-864 [112 Cal.Rptr. 513, 519 P.2d 916]; *In re Foss* (1974) 10 Cal.3d 910, 930 [112 Cal.Rptr. 649, 519 P.2d 1073]).

Appellant was told of his right to have a jury determine the issue of whether he had been convicted on the prior conviction; that he would be giving up his right of self-incrimination; and that by admitting the prior, if convicted of the Penal Code section 4574 charge, an additional year could be added to his prison term. No mention is made in the record in this case that the appellant was informed of his right of confrontation in regard to the prior.

Respondent concedes that the court's advisement did not conform to the *Yurko* requirement and that no inference is permissible which would remedy the error (*People* v. *Levey* (1973) 8 Cal.3d 648, 653 [105 Cal.Rptr. 516, 504 P.2d 452]). However, relying on *People* v. *Lizarraga* (1974) 43 Cal.App.3d 815 [118 Cal.Rptr. 208], respondent argues that when a prior conviction is involved there is no real necessity for an admonition and waiver concerning confrontation. We are not persuaded.

We hold that the *Yurko* requirement must be specifically and expressly met (see *People* v. *Pimentel* (1979) 89 Cal.App.3d 581, 587-588 [152 Cal.Rptr. 519]; *People* v. *Johnson* (1978) 77 Cal.App.3d 866, 875-877 [143 Cal.Rptr. 852]). There is a flaw in respondent's logic and argument. Respondent incorrectly assumes that trial of the issue of a prior involves no confrontation because the prior can be proved on a wholly documentary basis and thus no right to cross-examination exists to be waived. As appellant points out, the prosecution must also show beyond a reasonable doubt that the accused in fact is the same person convicted in the prior case. That requires in-court testimony which is subject to cross-examination.

The admission of the prior was invalid. Reversible error occurred. Appellant's remedy is limited to reversal of that part of the judgment

concerning the prior felony conviction (*People* v. *Fisk* (1975) 50 Cal. App.3d 364, 372-373 [123 Cal.Rptr. 414]).

█ Next, appellant contends that he was improperly sentenced to the upper term because the trial court failed to state its reasons on the record for choosing to impose the upper term. The court in sentencing appellant declared: "Having heretofore been found guilty by a jury of violation of Section 4574 of the Penal Code, having heretofore admitted to a prior conviction of felony, having considered the recommendation of the probation Department, there appearing no evidence in mitigation and considerable evidence in aggravation, it is the judgment of this Court that you be sentenced to the state prison for four years, consisting of the three year base term under the conviction and an enhancement of one year as a consequence of the prior conviction of felony. I further order that this order run consecutively with the term you are now serving in the state prison."

Respondent argues that the court in imposing the upper term was relying on those factors set out in the probation report which were commented upon by defense counsel and that satisfies the requirements of a statement of reasons. We disagree. The court (not counsel and not the probation office) has the responsibility to set out a statement of reasons (Pen. Code, § 1170, subd. (b); Cal. Rules of Court, rules 439(c), and 443) and incorporation by reference is insufficient (*People* v. *Turner* (1978) 87 Cal.App.3d 244, 247 [150 Cal.Rptr. 807]). Because of this error the judgment must be reversed for the limited purpose of resentencing.

█ Appellant next asserts that the trial court erred in imposing an additional year for the prior conviction because such imposition violates equal protection standards. Even though, in light of our holding that there was reversible error as to the admission of the prior and even though the result of any trial on the prior at this time is conjectural, to assist all concerned we do consider the issue.

The appellant argues that the alleged prior burglary conviction was not a prior prison term within the meaning of Penal Code section 667.5, subdivision (b), because the record does not show that appellant ever served a separate prison term and that it violates equal protection to accord a greater effect to an in-state prior felony conviction (where the time served in prison need *not* be one year or more) as contrasted with

the one-year imprisonment requirement for out-of-state priors for enhancement purposes (compare Pen. Code, § 667.5, subd. (e), and subd. (f)). We disagree. The record demonstrates that appellant affirmatively responded to the judge's question regarding whether or not appellant had served a prison term.[1]

■ ■ ■ ■ The instant case does not involve any *suspect* classification. Nor does it involve a *classification* impinging upon fundamental interests.[2] Consequently, the equal protection standard employed is the *rational basis* test. ■ This test presumes the constitutionality of the statute and requires merely that the distinction drawn by the statute bear some reasonable relationship to a conceivable legitimate state purpose (*In re Stinnette, supra,* 94 Cal.App.3d 800, 805 [155 Cal.Rptr. 912]). ■ A state is permitted to provide "for differences so long as the result does not amount to a denial of due process or an 'invidious discrimination.'" (*Douglas* v. *California* (1963) 372 U.S. 353, 356 [9 L.Ed.2d 811, 814, 83 S.Ct. 814]; *T.N.G.* v. *Superior Court* (1971) 4 Cal.3d 767, 783 [94 Cal.Rptr. 813, 484 P.2d 981].) Equal protection merely requires that persons similarly situated be treated the same with respect to a legitimate governmental prupose. (*Purdy & Fitzpatrick* v. *State of California* (1969) 71 Cal.2d 566, 578 [79 Cal.Rptr. 77, 456, P.2d 645, 38 A.L.R.3d 1194]; *Carlesi* v. *New York* (1914) 233 U.S. 51 [58 L.Ed. 843, 34 S.Ct. 576, 578].)

---

[1]The question was: "I will ask you,...whether or not you admit or deny that [time and place] that you were convicted of a crime of burglary, a felony,...and that you served a term in prison for such offense?" Appellant subsequently answered, "Yeah, I admit it."

[2]This does not imply that liberty is not a fundamental interest. (*People* v. *Olivas* (1976) 17 Cal.3d 236, 250-251 [131 Cal.Rptr. 55, 551 P.2d 375].) We believe that there is a qualitative difference, however, between the initial interest one has in retaining his liberty prior to sentencing and the interest one has in whether or not an enhancement applies. The latter situation is more analogous to the case dealing with the different statutory treatment of good behavior participation credits (*In re Stinnette* (1979) 94 Cal.App.3d 800 [155 Cal.Rptr. 912]) and credit for time served in custody prior to the commencement of a prison term. (*In re Kapperman* (1974) 11 Cal.3d 542 [114 Cal.Rptr. 97, 522 P.2d 657].) In these cases the rational basis test was applied as the proper test. (*Kapperman, supra,* at p. 548; *In re Stinnette, supra,* at p. 805.) The *Kapperman* and *Stinnette* cases, as well as the instant situation, concern the effects of certain legislative enactments upon an individual's underlying sentence and actual time served and not whether that person is to be deprived of his liberty in the first place. As a result, the rational basis test properly controls in this instance in determining the validity of the legislative classification. Moreover, we are not convinced that anything in the *Stinnette* case changes this analysis as the nonretroactive application of the good time and participation credit statute ruling in that case had the practical effect of extending greater benefits to those sentenced under the Determinate Sentencing Act as

■ We cannot say that the statute lacks any rational purpose.

There are several legitimate state purposes which may have prompted the one-year requirement for out-of-state priors. Our Legislature may have wished to insure the seriousness of the particular crime for enhancement purposes. While other states might have the same elements of a particular offense as found in California, it might be that other states are more (or less) prone to send a convicted person to prison than is California. By requiring at least one or more years in prison, California has made certain that only a serious prior out-of-state felony conviction would be used to enhance a sentence.

Another possible reason is that California may have a greater interest in deterring criminals who have previously committed crimes in California than those persons who have committed crimes out of state.

■ Alternatively, and as a separate and distinct basis for our holding on the equal protection issue, we conclude that the appellant, with an in-state prior, and another convicted and sentenced individual with an out-of-state prior, are not even similarly situated. (*Purdy & Fitzpatrick* v. *State of California, supra*, at p. 578.) One has a prior from this state as opposed to one with a prior from another jurisdiction. If both persons had California priors or foreign priors they would be accorded the same treatment under the statute. The Legislature may have reasonably intended two different classifications and if so, since both are treated similarly within the class, the statute is uniform and does not violate equal protection.

The equal protection argument fails.

At the request of appellant, his counsel asked that we consider three further arguments in support of appellant's claim that he was denied a fair trial.

■ First, appellant asserts that he was denied a fair and impartial jury by reason of the adverse relationship to appellant's trial counsel of

opposed to those confined under the Indeterminate Sentence Law. (*In re Stinnette, supra*, 94 Cal.App.3d at p. 805, fn. 4.) Thus, in *Stinnette* individuals in the same class, sentenced persons, were effectively treated differently.

a juror (Mr. Wooldridge, an attorney) in violation of Penal Code section 1074, subdivision 3.[3] The contention is without merit.

At the time of the trial appellant's trial counsel called to the court's attention the fact that his office may be handling one or two cases opposing Mr. Wooldridge's office. There is no evidence in the record that appellant was involved in any of those cases. Penal Code section 1074, subdivision 3, is inapplicable. Additionally, appellant's trial counsel had voir dired Mr. Wooldridge and did not challenge him for cause or exercise a peremptory challenge against him. There is no showing that a challenge for cause would have been appropriate. There is no evidence whatsoever that shows Mr. Wooldridge was biased toward appellant or his trial counsel. The trial court was under no duty to disqualify that juror.

■ Second, appellant asserts that he was unfairly prejudiced by being compelled to stand trial in jail garb. The contention flies in the face of the record. The record shows that appellant failed to object to his being tried while in jail clothes. As the United States Supreme Court declared: "...[A]lthough the State cannot, consistently with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes, the failure to make an objection to the court as to being tried in such clothes, for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation." (*Estelle* v. *Williams* (1976) 425 U.S. 501, 512-513 [48 L.Ed.2d 126, 135, 96 S.Ct. 1691].)

If appellant believed that he would be prejudiced before the jury, he should have so argued before the jury saw him in jail attire (*People* v. *Du Bose* (1970) 10 Cal.App.3d 544, 550 [89 Cal.Rptr. 134]). Appellant has alleged no prejudice from being tried in prison clothes under all of the circumstances. His trial counsel voir dired the prospective jurors as to their being affected by the mode of dress and each responded with a statement of ability to be fair and impartial. In addition the trial court admonished the jurors that the fact of appellant's then jail status was not to affect their decision. The contention is without merit.

Lastly, appellant contends that he was improperly impeached by his prior felony conviction. We disagree. None of the factors are present

---

[3]Penal Code section 1074 sets forth those prospective jurors who can be challenged for implied bias. Subdivision 3 refers to "Being a party adverse to the defendant in a civil action."

here which would make the prior burglary conviction improper under Evidence Code section 352 and the rules of law set out in *Beagle* (*People* v. *Beagle* (1972) 6 Cal.3d 441 [99 Cal.Rptr. 313, 492 P.2d 1]) and its progeny. The record shows that the trial court properly exercised its discretion under Evidence Code section 352.

The judgment convicting appellant of a violation of Penal Code section 4574 is affirmed. That part of the judgment declaring the existence of a prior conviction is reversed. The case is remanded to the trial court with directions to properly resentence appellant after a limited new trial on the issue of the prior conviction.

Brown (G. A.), P. J., and Franson, J., concurred.

A petition for a rehearing was denied January 10, 1980.