[Crim. No. 44076. Second Dist., Div. Seven. June 26, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM HENRY JACOBS, Defendant and Appellant.

**COUNSEL**

Thomas Kallay, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Howard J. Schwab and Donald F. Roeschke, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**THOMPSON, Acting P. J.**—The sole issue on this appeal concerns a constitutional challenge to Penal Code section 667.[1] That statute provides for

---

[1]All statutory references are to the Penal Code unless otherwise indicated.

Section 667, which was added to the Penal Code by Proposition 8, provides in pertinent part: "(a) Any person convicted of a serious felony who previously has been convicted of

a five-year sentence enhancement for a recidivist serious offender. Defendant claims section 667 violates the equal protection clauses of the federal and state Constitutions. We disagree. We hold a repeat offender is not similarly situated to an offender who has been convicted only once. We also hold that a defendant convicted of one crime is not similarly situated to a defendant convicted of a different crime. Accordingly, a challenge to the statute on equal protection grounds fails.

Defendant William Jacobs pleaded guilty to three counts of attempted robbery (§§ 664/211) with use of a deadly weapon (§ 12022, subd. (b)) and admitted four prior serious felony convictions within the meaning of section 667. Defendant was sentenced to nine years in state prison, consisting of a three-year upper term for one count of attempted robbery, one year for weapon use and five years for one prior serious felony conviction of robbery in 1975 pursuant to section 667.[2] This appeal followed.

 *Defendant Is Not Similarly Situated With Others Not Subject to Section 667*

Defendant, urging the application of a strict scrutiny standard, contends he was denied equal protection of the law because the five-year enhancement provision does not apply to other defendants who (1) are not recidivists, or

---

a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively. [¶] . . . . [¶] (d) As used in this section 'serious felony' means a serious felony listed in subdivision (c) of Section 1192.7."

Section 1192.7, subdivision (c), states in pertinent part: "As used in this section 'serious felony' means any of the following: [¶] (1) Murder or voluntary manslaughter; (2) mayhem; (3) rape; (4) sodomy by force, violence, duress, menace, or threat of great bodily harm; (5) oral copulation by force, violence, duress, menace, or threat of great bodily harm; (6) lewd acts on a child under the age of 14 years; (7) any felony punishable by death or imprisonment in the state prison for life; (8) any other felony in which the defendant inflicts great bodily injury on any person, other than an accomplice, or any felony in which the defendant uses a firearm; (9) attempted murder; (10) assault with intent to commit rape or robbery; (11) assault with a deadly weapon or instrument on a peace officer; (12) assault by a life prisoner on a noninmate; (13) assault with a deadly weapon by an inmate; (14) arson; (15) exploding a destructive device or any explosive with intent to injure; (16) exploding a destructive device or any explosive causing great bodily injury; (17) exploding a destructive device or any explosive with intent to murder; (18) burglary of a residence; (19) robbery; (20) kidnapping; (21) taking of a hostage by an inmate of a state prison; (22) attempt to commit a felony punishable by death or imprisonment in the state prison for life; (23) any felony in which the defendant personally used a dangerous or deadly weapon; (24) selling, furnishing, administering or providing heroin, cocaine or phencyclidine (PCP) to a minor; (25) any attempt to commit a crime listed in this subdivision other than an assault."

[2]The court stayed the two other attempted robbery counts and sentenced defendant concurrently on the other serious felony prior convictions. (See *People* v. *Lopez* (1983) 147 Cal.App.3d 162 [195 Cal.Rptr. 27].)

(2) are charged with different crimes. The People argue, however, that the rational basis test controls, citing the Fifth District opinion of *People* v. *Hernandez* (1979) 100 Cal.App.3d 637 [160 Cal.Rptr. 607].

■ Preliminarily, we agree with defendant that the appropriate standard of review is strict scrutiny. The People's reliance on *Hernandez* is misplaced. First, in *People* v. *Olivas* (1976) 17 Cal.3d 236 [131 Cal.Rptr. 55, 551 P.2d 375], in overturning a sentencing scheme on equal protection grounds, our Supreme Court held that "personal liberty is a fundamental interest, second only to life itself, as an interest protected under both the California and United States Constitutions." (*Id.,* at p. 251.) Since sentencing is related to that fundamental interest, the state must establish that a compelling interest justifies the law and that the distinctions drawn are necessary to further that purpose. (*Ibid.*; *People* v. *Terflinger* (1978) 77 Cal.App.3d 302, 303-304 [143 Cal.Rptr. 501].) Secondly, the Fifth District, in *People* v. *Williams* (1983) 140 Cal.App.3d 445 [189 Cal.Rptr. 497], recently specifically disapproved its rational basis language in *Hernandez.* The *Williams* court pointed out instead that "the *enhancement* of a crime for purposes of punishment involves the deprivation of a fundamental liberty interest to the end the state must show a *compelling interest* for any disparity in treatment of prisoners similarly situated." (*Id.,* at p. 450; italics in original.) Here, defendant concedes the state has a compelling interest in the protection of public safety but claims the state has not shown the classification furthers that interest.

■ Yet before the need arises to consider whether the statute satisfies a strict scrutiny standard of equal protection review, we must first determine whether defendant is "similarly situated" to all other felons whose offenses are not specified in section 667. If he is not, his equal protection challenge to the statute must fail.

■ "The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." (*In re Eric J.* (1979) 25 Cal.3d 522, 530 [159 Cal.Rptr. 317, 601 P.2d 549].) As Justice Frankfurter explained in *Tigner* v. *Texas* (1940) 310 U.S. 141, 147 [84 L.Ed. 1124, 1128, 60 S.Ct. 879, 130 A.L.R. 1321]: "The Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." (See also *In re Eric J., supra,* 25 Cal.3d at p. 530, fn. 1.)

■ "The equal protection clause does not assure defendant of the same treatment as all other felons; it assures him only . . . that he will receive like treatment with all other persons similarly situated." (*People* v. *Enri-*

*quez* (1977) 19 Cal.3d 221, 229 [137 Cal.Rptr. 171, 561 P.2d 261, 3 A.L.R.4th 73].) Neither the Fourteenth Amendment of the Constitution of the United States nor the California Constitution (art. I, § 7; art. IV, § 16) precludes legislative classification with respect to persons who are different. (*In re Gary W.* (1971) 5 Cal.3d 296, 303 [96 Cal.Rptr. 1, 486 P.2d 1201].) Rather, the basic rule of equal protection is that persons similarly situated with respect to the legitimate purpose of the law must receive like treatment. (*In re Eric J., supra,* 25 Cal.3d at p. 531; *People* v. *Karsai* (1982) 131 Cal.App.3d 224, 243-244 [182 Cal.Rptr. 406].) Thus, only those persons who are similarly situated are protected from invidiously disparate treatment. (*People* v. *Macias* (1982) 137 Cal.App.3d 465, 472 [187 Cal.Rptr. 100].)

■ We must therefore determine whether the defendant has met this threshold requirement. We first turn to the issue of recidivism. Recidivism is a common factor considered in determining the length of a prison sentence. (See, e.g., current §§ 666, 667, 667.5, 667.51, 667.6, 667.7; former § 644.)

■ "[T]he constitutionality of the practice of inflicting severer criminal penalties upon habitual offenders is no longer open to serious challenge. . . . [Fn. omitted.]" (*Oyler* v. *Boles* (1962) 368 U.S. 448, 451 [7 L.Ed.2d 446, 450, 82 S.Ct. 501]; see also *People* v. *Tijerina* (1969) 1 Cal.3d 41, 47 [81 Cal.Rptr. 264, 459 P.2d 680]; *People* v. *Vienne* (1973) 30 Cal.App.3d 266, 273 [105 Cal.Rptr. 584].) "[E]xperience has shown that the persistent and hardened offender is more dangerous to society than a person who has committed but one offense, and that a severer punishment is demanded in such case, the better to protect society." (*People* v. *Coleman* (1904) 145 Cal. 609, 611 [79 P. 283].)

The United States and California Supreme Courts have sustained habitual offender statutes against equal protection challenges. (See, e.g., *Spencer* v. *Texas* (1967) 385 U.S. 554, 559-560 [17 L.Ed.2d 606, 611-612, 87 S.Ct. 648], and cases cited therein; *People* v. *Dutton* (1937) 9 Cal.2d 505, 507 [71 P.2d 218]; *In re Rosencrantz* (1928) 205 Cal. 534, 540 [271 P. 902].) The courts have reasoned that an habitual offender statute "does not deprive any one of the equal protection of the laws" because "[i]t affects alike all persons similarly situated." (*McDonald* v. *Massachusetts* (1901) 180 U.S. 311, 313 [45 L.Ed. 542, 547, 21 S.Ct. 389]; *In re Rosencrantz, supra,* 205 Cal. at p. 540.)

Almost 90 years ago, in *Moore* v. *State of Missouri* (1895) 159 U.S. 673, 677-678 [40 L.Ed. 301, 303, 16 S.Ct. 179], the United States Supreme Court explained that such a defendant was not "denied the equal protection

of the laws, for every other person in like case with him, and convicted as he had been, would be subjected to the like punishment [¶] . . . . And the state may undoubtedly provide that persons who have been before convicted of crime may suffer severer punishment for subsequent offenses than for a first offense against the law, and that a different punishment for the same offense may be inflicted under particular circumstances, provided it is dealt out to all alike who are similarly situated."

■ Accordingly, a recidivist offender is not similarly situated to a first offender with respect to the legitimate purpose of section 667 to protect the public safety (Cal. Const., art. I, § 28, subd. (a)) by "discouraging persons who commit serious felonies from doing [so] again." *(People v. Villasenor* (1984) 152 Cal.App.3d 30, 33 [199 Cal.Rptr. 349] [upholding constitutionality of § 667 against due process and cruel and unusual punishment challenges].)

Neither is defendant similarly situated to persons convicted of other crimes. Defendant also complains that he is denied equal protection because sentences are enhanced for the previous commission of some, but not all, felonies.[3] But defendant has still chosen a class too broad for equal protection purposes. Defendant is not just a person with a prior conviction who was convicted of any felony; rather, he is a person convicted of a specified "serious felony" with a prior conviction of the same type.

■ "Persons convicted of *different* crimes are not similarly situated for equal protection purposes." *(People v. Macias, supra,* 137 Cal.App.3d 465, 473; *People v. Corning* (1983) 146 Cal.App.3d 83, 91 [194 Cal.Rptr. 27]; *People v. Preciado* (1981) 116 Cal.App.3d 409, 413 [172 Cal.Rptr. 107]; *People v. Gayther* (1980) 110 Cal.App.3d 79, 91 [167 Cal.Rptr. 700]; *People v. Hughes* (1980) 112 Cal.App.3d 452, 459-460 [169 Cal.Rptr. 364].) "[I]t is one thing to hold, as did *[People v. Olivas* (1976) 17 Cal.3d 236 (131 Cal.Rptr. 55, 551 P.2d 375)] that persons convicted of the *same crime* cannot be treated differently. It is quite another to hold that persons convicted of *different crimes* must be treated equally." *(Smith v. Municipal Court* (1978) 78 Cal.App.3d 592, 601 [144 Cal.Rptr. 504].) For example,

---

[3]Defendant in effect argues that all felonies—indeed perhaps all crimes—must be included. Defendant claims there are other felonies involving physical violence which are not listed. But defendant's list of allegedly omitted felonies includes a misdemeanor and several wobblers (felony/misdemeanors) as well as offenses which, if committed with physical violence, would fall within section 667 because they involve use of dangerous or deadly weapons, or explosives, or the infliction of great bodily injury. Defendant also complains that the list does not include crimes such as abduction, seduction and abortion which he argues violates the physical integrity of the victim. Finally, defendant complains that the list does not include most "property" crimes. In essence, defendant claims that the enhancement must apply to all offenses, or none.

our Supreme Court, in *People* v. *Dillon* (1983) 34 Cal.3d 441, 476, footnote 23 [194 Cal.Rptr. 390, 668 P.2d 697], in rejecting an equal protection challenge to the felony-murder rule, observed that premeditated first degree murder and felony-murder are "not the 'same' crime. . . ."

■■ ■fn.■ The appropriate measure for punishment is individual culpability. (*In re Grant* (1976) 18 Cal.3d 1, 10 [132 Cal.Rptr. 430, 553 P.2d 590].) It is the prerogative of the Legislature, and the electorate by initiative,[4] to recognize degrees of culpability and penalize accordingly. (*In re Sims* (1981) 117 Cal.App.3d 309, 314 [172 Cal.Rptr. 608]; *People* v. *Hughes, supra,* 112 Cal.App.3d at p. 460.)

■■ The offenses which bring section 667 into play are all serious, mostly violent, offenses which are obviously dangerous to society. (*People* v. *Villasenor, supra,* 152 Cal.App.3d at pp. 33-34.) This is not a situation where "the law lays an unequal hand on those who have committed intrinsically the same quality of offense. . . ." (Cf. *Skinner* v. *Oklahoma* (1942) 316 U.S. 535, 541 [86 L.Ed. 1655, 1660, 62 S.Ct. 1110].) As with violent sex offenses which are subject to a special enhancement under section 667.6, these specified serious felonies, which are subject to an enhancement under section 667, "differ from other types of offenses in many ways, including the reasons and motives of the criminal, the outrage and harm to the victim, and the potential for danger to the victim and society in general." (*People* v. *Karsai, supra,* 131 Cal.App.3d at p. 244.) Such differences warrant different treatment.

Furthermore, "[t]here is no requirement that the Legislature [or electorate] penalize all culpable conduct or precisely structure penal sanctions so that all degrees of culpability are omnisciently placed in their proper place in some continuum of penalties." (*In re Sims, supra,* 117 Cal.App.3d at p. 314, fn. 1.)

Section 667 does not establish a classification which treats a similarly situated group in disparate ways. Defendant pleaded guilty to attempted robbery with use of a deadly weapon and had suffered a prior conviction for robbery. Defendant is in a special class of felons—recidivist serious offenders—and he is treated the same as all others in that class. All persons convicted, as he has been, of one of the specified serious felonies who have previously been convicted of a serious felony are subject to the same addi-

---

[4]The power to define criminal conduct and determine penalties is exclusively vested in the legislative branch, subject to constitutional provisions. (*People* v. *Dillon, supra,* 34 Cal.3d at pp. 477-478.) Statutes passed by initiative are treated with the same dignity and subject to the same principles of interpretation as enactments of the Legislature. (See, e.g., *People* v. *Williams* (1981) 30 Cal.3d 470, 484-485 [179 Cal.Rptr. 443, 637 P.2d 1029].)

tional five-year punishment. Accordingly, there is no equal protection violation. The judgment is affirmed.

Johnson, J., and Fieldhouse, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.