[No. A028791. First Dist., Div. One. Jan. 14, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL H. McCARTHY, Defendant and Appellant.

[No. A030834. First Dist., Div. One. Jan. 14, 1986.]

In re MICHAEL H. McCARTHY on Habeas Corpus.

594

COUNSEL

Cheri Pierce and Howard J. Berman, under appointments by the Court of Appeal, for Defendant and Appellant and Petitioner.

John K. Van de Kamp, Attorney General, and Robert R. Granucci, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**ELKINGTON, Acting P. J.**—Defendant McCarthy pleaded guilty to three charges of burglary and admitted suffering a prior conviction and prison term within the meaning of Penal Code section 667.5, subdivision (b). On his appeal from the judgment he urges only sentencing error. He has also

filed an application for a writ of habeas corpus, charging additional sentencing error. We have consolidated the two proceedings for disposition by this court.

Having read and considered the entire record and briefs of the parties, we shall affirm the judgment and dismiss without prejudice the habeas corpus petition. Our reasons follow.

The trial court had sentenced McCarthy to a four-year midterm on one of his burglary convictions, consecutive sentences on the other two totalling two and two-thirds years, and a *one-year enhancement* for the prior conviction and prison term.

### The Appeal

It is here contended that: "The one-year enhancement of appellant's sentence denied him the equal protection of the law."

The contention is founded on the provisions of *Penal Code section 667.5.*

Penal Code section 667.5, *subdivision (b)* as in effect at here relevant times and otherwise as relevant, provided that where one was convicted of a "felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate *prison term* served for any felony." (Our italics.)

On the other hand, section 667.5, *subdivision (f)* provided that subdivision (b)'s prior conviction of a felony shall: "include a conviction in another jurisdiction for an offense which if committed in California is punishable by imprisonment in state prison provided the defendant served *one year* or more in prison for such offense in the other jurisdiction." (Italics added.)

It will be seen that section 667.5's one-year enhancement will attach when the convicted defendant has served *any* prior felony prison term in California, but only if he has *elsewhere* served a prior felony prison term of *one year or more.*

McCarthy had served a prior felony prison term in California of *eleven months.* Since he has been treated more harshly than he would have been had his prior prison term for such an offense been served outside California, he argues that his right to "equal protection of the law" has been violated.

The People here rely on *People* v. *Hernandez* (1979) 100 Cal.App.3d 637, 643-645 [160 Cal.Rptr. 607], holding that section 667.5 does *not* deny

the here claimed equal protection in that: "There are several legitimate state purposes which may have prompted the one-year requirement for out-of-state priors. Our Legislature may have wished to insure the seriousness of the particular crime for enhancement purposes. While other states might have the same elements of a particular offense as found in California, it might be that other states are more (or less) prone to send a convicted person to prison than is California. By requiring at least one or more years in prison, California has made certain that only a serious prior out-of-state felony conviction would be used to enhance a sentence. [¶] Another possible reason is that California may have a greater interest in deterring criminals who have previously committed crimes in California than those persons who have committed crimes out of state."

McCarthy, on the other hand, relies on *People* v. *Williams* (1983) 140 Cal.App.3d 445, 449-450 [189 Cal.Rptr. 497], which although finding Williams to lack standing to complain of a denial of equal protection nevertheless, by way of "caveat" and dicta, "disapproved" *Hernandez'* result.

We consider *Hernandez* the better reasoned opinion. Further, equal protection merely requires that persons similarly situated be treated the same with respect to a legitimate governmental purpose. (*Purdy & Fitzpatrick* v. *State of California* (1969) 71 Cal.2d 566, 578 [79 Cal.Rptr. 77, 456 P.2d 645]; *Carlesi* v. *New York* (1914) 233 U.S. 51 [58 L.Ed. 843, 34 S.Ct. 576].) Here, all persons who have committed their prior felonies in California are treated the same. We observe that the state's Supreme Court denied a hearing in *Hernandez,* while none was sought in *Williams.* And, of course, there is a strong presumption that the provisions of section 667.5 are constitutional. (*In re Ricky H.* (1970) 2 Cal.3d 513, 519 [86 Cal.Rptr. 76, 468 P.2d 204].)

We find no merit in McCarthy's contention of a denial of equal protection of the law.

### The Petition for Habeas Corpus

Here McCarthy seeks allowance of pretrial custody and conduct credits claimed to have been improperly denied him by the superior court.

Penal Code section 1474 requires that a petition for habeas corpus shall be *"verified"* by the oath or affirmation of the party making the application. Here the party making the application was McCarthy's attorney, and the verification consisted of her statements: "I know the contents of the petition, which contents *I believe to be true.* I declare under penalty of perjury that the foregoing is true and correct." (Our italics.)

■ It is the law of this state that a habeas corpus petition must reveal a "prima facie case" for relief. (*In re Bower* (1985) 38 Cal.3d 865, 872 [215 Cal.Rptr. 267, 700 P.2d 1269].) Such petition, or affidavit, based on information and belief is "hearsay and must be disregarded." (*Yamada Brothers* v. *Agricultural Labor Relations Bd.* (1979) 99 Cal.App.3d 112, 116, fn. 1 [159 Cal.Rptr. 905]; *Riviello* v. *Journeymen Barbers etc. Union* (1948) 88 Cal.App.2d 499, 503 [199 P.2d 400].) Manifestly, the petition before us does *not* establish a "prima facie case."

And: "It has long been the rule of California that factual allegations on which a petition for habeas corpus are based must be 'in such form that perjury may be assigned upon the allegations if they are false.' (*Ex parte Walpole* (1890) 84 Cal. 584 [24 P. 308].) Here the critical allegations were patently not in such form." (*People* v. *Madaris* (1981) 122 Cal.App.3d 234, 242 [175 Cal.Rptr. 869].)

The judgment is affirmed, and the petition for habeas corpus is dismissed without prejudice to refiling of such a petition in proper form.

Newsom, J., and Holmdahl, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 26, 1986.