**NOT FOR PUBLICATION**
**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

**FILED**

SEP 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIE ULYSESS GRANT, | No. 22-55291 |
| Petitioner-Appellant, | D.C. No. 3:11-cv-03015-JAH-DEB |
| v. | |
| GARY SWARTHOUT, Warden; KAMALA D. HARRIS; RICK HILL, Warden, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted September 11, 2024
Pasadena, California

Before: R. NELSON, MILLER, and DESAI, Circuit Judges.

Following a jury trial, Willie Ulysess Grant was convicted in California state court on one count of first-degree murder. He was sentenced to a term of imprisonment of 50 years to life. After exhausting his direct appeals and unsuccessfully seeking state postconviction relief, Grant filed a petition for a writ of habeas corpus in federal district court. The district court denied the petition, and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Grant appeals. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). We vacate and remand for the district court to hold an evidentiary hearing.

Grant alleges that the prosecution falsely represented that its star witness, Lawrence Laymon, had not received any benefits in return for his testimony, in violation of *Napue v. Illinois*, 360 U.S. 264 (1959), and that it did so by withholding impeachment evidence, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). As before the state courts, Grant supports his allegations with (1) his private investigator's declaration, which states that Laymon told the investigator he was "given a deal" in exchange for his testimony in Grant's trial and was promised that he "wouldn't get charged" with crimes related to the incident for which Grant was tried; (2) Laymon's trial testimony that he was not promised any deal; and (3) a copy of Laymon's plea agreement on unrelated charges, from the same deputy district attorney who prosecuted Grant.

We review the district court's denial of habeas relief de novo. *Sanders v. Cullen*, 873 F.3d 778, 793 (9th Cir. 2017). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may grant habeas relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C.

2

§ 2254(d); *see Sanders*, 873 F.3d at 793. When "no state court has offered a reasoned decision for denial of the claim[s]," we conduct an "independent review of the record" to determine if the state court's summary denial involved an unreasonable application of federal law. *Maxwell v. Roe*, 628 F.3d 486, 509 (9th Cir. 2010).

1. "A summary denial from the California Supreme Court is an adjudication on the merits for AEDPA purposes," *Sanders*, 873 F.3d at 793, and it "reflects that court's determination that 'the claims made in th[e] petition do not state a prima facie case entitling the petitioner to relief,'" *Cullen v. Pinholster*, 563 U.S. 170, 188 n.12 (2011) (alteration in original) (quoting *In re Clark*, 855 P.2d 729, 741–42 (Cal. 1993)). In summarily denying Grant's petition, the California Supreme Court determined that, "assuming the petition's factual allegations are true, the petitioner would [not] be entitled to relief." *See In re Jenkins*, 525 P.3d 1057, 1077 (2023) (quoting *People v. Duvall*, 886 P.2d 1252, 1258 (Cal. 1995)); *cf.* Cal. R. Ct. 4.551 (requiring that a court "take[] petitioner's allegations as true" when assessing whether he has established a prima facie case).

The State maintains that the California Supreme Court did *not* need to accept Grant's factual allegations as true. It asserts that "inadmissible hearsay cannot support a prima facie case for habeas relief," and that all factual allegations must be "'in such form that perjury may be assigned upon the allegations, if they are

3

false,'" (quoting *People v. McCarthy*, 222 Cal. Rptr. 291, 292–93 (Ct. App. 1986) (quoting *Ex parte Walpole*, 24 P. 308, 308 (Cal. 1890))). Accordingly, the State argues that the California Supreme Court could have "rejected [Grant]'s claims at the prima facie stage on the basis that the factual assertions were based on hearsay," *i.e.*, based on Grant's *investigator's* declaration conveying Laymon's statements, rather than a sworn statement from Laymon himself.

Contrary to the State's argument, California law does not require that every factual allegation in a habeas petition be supported by admissible evidence or else be disregarded. Such a stringent requirement is conspicuously absent from the California Supreme Court's cases discussing its habeas pleading standards. *See, e.g.*, *In re Martinez*, 209 P.3d 908, 914–15 (Cal. 2009); *In re Hawthorne*, 105 P.3d 552, 557 (Cal. 2005); *Duvall*, 886 P.2d at 1258; *Ex parte Swain*, 209 P.2d 793, 796 (Cal. 1949). And while *McCarthy* and *Walpole* require factual allegations to be "in such form that perjury may be assigned upon the allegations, if they are false," they do not preclude consideration, at the prima facie stage, of a sworn statement relaying what another person said. *Walpole*, 24 P. at 308. Such a rule would conflict with the California Supreme Court's clear statement that a petitioner need only "state fully and with particularity the facts on which relief is sought" and "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or

4

declarations." *Duvall*, 886 P.2d at 1258; *accord People v. Patton*, 564 P.3d 596, 607 (Cal. 2025) (explaining that a petitioner need only "com[e] forward with nonconclusory allegations to alert the prosecution and the court to what issues an evidentiary hearing would entail").

Despite earlier decisions of the California Court of Appeal suggesting otherwise, *see, e.g.*, *People v. Madaris*, 175 Cal. Rptr. 869, 872–73 (Ct. App. 1981), the California Supreme Court has relied on such declarations in finding that a petitioner established a prima facie case. *See In re Hitchings*, 860 P.2d 466, 467–68 (1993) (holding that a plaintiff "stated a prima facie case" when his habeas petition, alleging that a juror concealed information in voir dire and prejudged the case, was supported by "[d]eclarations from [the juror's] coemployees" recounting her comments at work). As the court clarified in *Patton*, the requirement at the prima facie stage is a "'bar' that is set 'very low.'" 564 P.3d at 566 (quoting *People v. Lewis*, 491 P.3d 309, 322 (Cal. 2021)).

Grant surmounted that bar. Unlike the petitioner in *Walpole*, who made only conclusory allegations, *see* 24 P. at 308, Grant submitted a petition containing specific factual allegations. And unlike the allegations in *McCarthy*, *see* 222 Cal. Rptr. at 292–93, Grant's critical factual allegation—that the prosecution promised Laymon a deal before he testified—is supported by a sworn statement: his investigator's declaration, made under penalty of perjury, that Laymon told the

5

investigator the prosecution promised him a deal in exchange for testifying. Even if Grant may not offer it to prove that what Laymon said is true, the investigator's declaration, taken together with Laymon's trial testimony and plea deal, is enough to "alert the prosecution and the court to what issues an evidentiary hearing would entail" and "frame a disputed issue that entitles [him] to an evidentiary hearing," which is all that is required at the petition stage. *Patton*, 564 P.3d at 607.

The State claims that a signed declaration from Laymon was "reasonably available," *Duvall*, 886 P.2d at 1258, so Grant's failure to attach one would have justified denying his petition. That is incorrect. Grant uncovered the basis for his allegations and pleaded them with the appropriate "particularity," *id.* at 1258, only because his attorney and investigator diligently interviewed Laymon in prison. But although the attorney and investigator met with Laymon three times and attempted to get a signed declaration, Laymon—an adverse witness at trial—understandably declined to sign a statement that would show he perjured himself. Thus, a declaration from Laymon was not "reasonably available." *Id.*

In any event, even if we were to accept that a declaration from Laymon would ordinarily be required to establish a prima facie case, the California Supreme Court in *Duvall* held that "the general rule requiring the pleading of facts" should be relaxed in cases when "access to critical information is limited or denied to one party." 886 P.2d at 1266. We think the California Supreme Court

6

would have determined that this is such a case. Holding otherwise here would turn that court's very low bar into a very high one, effectively requiring Grant to prove his claim at the pleading stage. *See id.* (explaining that the petitioner only "bears the burden of *pleading* facts, not *proving* them").

2. Having accepted Grant's allegations as true, the California Supreme Court unreasonably applied *Napue* in summarily denying Grant's claim. Under *Napue*, "a State may not knowingly use false evidence, including false testimony, to obtain a tainted conviction." 360 U.S. at 269. The State's sole argument is that any violation was not material, regardless of the falsity of Laymon's testimony. But a *Napue* violation is material if "there is any reasonable likelihood that the false testimony *could* have affected the judgment of the jury." *Dow v. Virga*, 729 F.3d 1041, 1048 (9th Cir. 2013) (quoting *United States v. Agurs*, 427 U.S. 97, 103 (1976)). We have held that when the false testimony comes from a central witness in an otherwise circumstantial and weak case, a summary denial by a state court constitutes an unreasonable application of that standard. *See, e.g.*, *Dickey v. Davis*, 69 F.4th 624, 642–44 (9th Cir. 2023); *Horton v. Mayle*, 408 F.3d 570, 581 (9th Cir. 2005).

The prosecution made Laymon its star witness in an entirely circumstantial and weak case. On direct appeal, the California Court of Appeal noted that "[t]he jury could either credit [Laymon's] testimony and conclude that Grant was

7

guilty . . . or not credit it and acquit." *People v. Grant*, No. D050289, 2008 WL 4216125, at \*8 (Cal. Ct. App. Sept. 16, 2008) (unpublished). As in *Horton*, "[n]o fingerprints, DNA evidence, or eyewitness testimony placed [Grant] at the scene." 408 F.3d at 579; *see Grant*, 2008 WL 4216125, at \*9 ("We recognize that this evidence is entirely circumstantial and far from overwhelming."). Indeed, the prosecutor admitted at trial: "If Laymon does not testify I don't have a case and it gets dismissed."

Nevertheless, the State claims that any violation was not material because the truth about a deal would have been cumulative, and Laymon's credibility was sufficiently undermined during trial. We have rejected similar arguments, reasoning that "[t]here is a substantial difference between 'general evidence of untrustworthiness and specific evidence that a witness has lied.'" *Dickey*, 69 F.4th at 644 (quoting *Sivak v. Hardison*, 658 F.3d 898, 916 (9th Cir. 2011)); *see also Horton*, 408 F.3d at 580 ("[T]hat the jury had other reasons to disbelieve [the witness] does not render the suppressed evidence of the deal immaterial."); *Napue*, 360 U.S. at 270. And when the false evidence is perjured testimony relating to the witness's agreement with the prosecution, materiality is bolstered because "the State would have been forced to disclose to the jury [the false testimony]," which "would have had a devastating effect" not only on the credibility of the witness, but "on the credibility of the entire prosecution case." *Hayes v. Brown*, 399 F.3d

972, 988 (9th Cir. 2005); *accord Jackson v. Brown*, 513 F.3d 1057, 1077 (9th Cir. 2008).

Because Grant's alleged *Napue* violation is "material standing alone" and the California Supreme Court unreasonably determined otherwise, we need not reach the alleged *Brady* violation. *See Jackson*, 513 F.3d at 1076.

3. Reviewing the district court's decision de novo, *see Hurles v. Ryan*, 752 F.3d 768, 778 (9th Cir. 2014), and noting that Grant's federal petition contained the same allegations and supporting declarations as his petition in state court, we conclude that Grant has established a prima facie *Napue* violation. Grant is therefore entitled to an evidentiary hearing. Although AEDPA restricts the availability of evidentiary hearings in federal habeas proceedings, 28 U.S.C. § 2254(e)(2), a hearing is warranted if the petitioner "exercised sufficient diligence in seeking to develop the factual basis of his claim in the state court proceedings." *Horton*, 408 F.3d at 582 n.6; *see Williams v. Taylor*, 529 U.S. 420, 437 (2000). Grant complied with the pleading requirements of California law and requested an evidentiary hearing to develop his claim, but the state courts did not provide one. *See Earp v. Ornoski*, 431 F.3d 1158, 1169 (9th Cir. 2005). Because Grant "has alleged facts that, if proven, would entitle him to habeas relief," and he "did not receive a full and fair opportunity to develop those facts," *id.* at 1167 (quoting *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004)), he is entitled to an

9

evidentiary hearing, *see id.* at 1172; *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

**VACATED and REMANDED.**