[Crim. No. 9472. Fourth Dist., Div. Two. Jan. 31, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD L. TERFLINGER et al., Defendants and Appellants.

**COUNSEL**

Lawrence M. Gassner, George L. Schraer and Stephen K. Shuttleworth, under appointments by the Court of Appeal, for Defendants and Appellants.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, A. Wells Petersen and J. Richard Haden, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GARDNER, P. J.**—Defendants pleaded guilty to attempted escape from prison (Pen. Code, § 4530, subd. (b)) and were sentenced to prison. Each contends that Penal Code section 4530, subdivision (b), denied him equal protection of the laws because it imposes the same penalty for both attempted escape and the escape itself.

■ The concept of equal protection is that persons similarly situated with respect to the legislative purpose of the law receive like treatment. (*In re Gary W.*, 5 Cal.3d 296, 303 [96 Cal.Rptr. 1, 486 P.2d 1201].) Since sentencing has a relationship to a defendant's personal liberty, the defendant's interest in sentencing is fundamental. (*People v. Olivas*, 17

Cal.3d 236 [131 Cal.Rptr. 55, 551 P.2d 375].) Thus, the state must establish that it has a *compelling* interest which justifies the law and the state must demonstrate that the distinctions drawn by law are *necessary* to further that purpose. (*Olivas, supra,* at p. 251.) This, the state has done insofar as Penal Code section 4530, subdivision (b) is concerned.

█ The Legislature has determined in its sound discretion that for purposes of prison discipline, attempts and completed escapes are to be treated equally. There is a sound basis for such a determination. Attempted escapes may well be as disruptive to prison discipline as completed escapes. Certainly, they may be equally dangerous. Thus, there is a compelling interest which justifies this law and the distinction drawn is necessary for its purpose. An escape or an attempted escape can in no way be compared to a murder or attempted murder. The two concepts are light years apart. There is no denial of equal protection of the law in the punishment provisions of Penal Code section 4530, subdivision (b).

The above is the only issue presented by these defendants which has any precedential value, and thus qualifies for publication under rule 976, California Rules of Court. Other issues presented have no such value and do not qualify for publication. However, we have considered them and find them to be without merit. Further discussion of these contentions would add nothing to the corpus of the law.

Judgment affirmed.

Kaufman, J., and McDaniel, J., concurred.

A petition for a rehearing was denied February 10, 1978, and the petition of appellant Glajos for a hearing by the Supreme Court was denied March 30, 1978.