[No. E002835. Fourth Dist., Div. Two. Aug. 26, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT WAYNE QUEEN, Defendant and Appellant.

502

---

**COUNSEL**

Inge Brauer, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, and Steven H. Zeigen, Deputy Attorney General, for Plaintiff and Respondent.

---

**OPINION**

**CAMPBELL, P. J.**—The defendant was charged in San Bernardino County with the offense of committing a petty theft with a prior conviction of

petty theft in violation of Penal Code section 666.[1] Before having been brought to trial in San Bernardino County, he was arrested, charged, convicted and sentenced to prison for an offense in Orange County. He filed a written notice of his place of confinement and a request to be brought to trial for the San Bernardino offense within 90 days as provided in section 1381. The authorities did not bring him to trial within the 90-day period and on motion of the defendant, the San Bernardino proceedings were dismissed. A new complaint was subsequently filed against him and after a preliminary hearing, he was held to answer on the offense charged. An information was filed charging him with a violation of section 666 with the further allegations that he had suffered four prior convictions for nonviolent felonies within the immediate preceding five years, in violation of section 667.5, subdivision (b). He was convicted by a jury of the offense of violation of section 666 and thereafter, having waived a jury, the court found two of the four section 667.5 allegations to be true. He was sentenced to the midterm of two years for the violation of section 666 and to one year for each prior prison term for a total prison commitment of four years. He was given credit for actual time in custody of 114 days, conduct credit of 57 days, for a total presentence custody credit of 171 days.

■ The defendant argues that he is entitled to presentence custody credits on the basis of his demand for trial pursuant to section 1381. We agree.

■ "Section 1381 provides generally that one serving a term of imprisonment in a state prison or county jail, and against whom criminal proceedings are pending in any court of this state, may deliver written notice to the prosecutor of such proceedings of his desire to be brought to trial thereon. Upon such notice, the statute requires that the defendant shall be brought to trial within 90 days; if not so brought to trial the action, upon the defendant's motion, shall be dismissed.

"Such a dismissal, where the charge is a felony, is not a bar to another prosecution for the same offense; it is res judicata of none of the issues of the action, and the defendant has not suffered prior jeopardy as a result." (*People* v. *Manina* (1975) 45 Cal.App.3d 896, 899 [120 Cal.Rptr. 51]; see also *Crockett* v. *Superior Court* (1975) 14 Cal.3d 433, 435-440 [121 Cal.Rptr. 457, 535 P.2d 321], and *People* v. *Clark* (1985) 172 Cal.App.3d 975, 981-983 [218 Cal.Rptr. 481].)

"The purpose of section 1381 'is to permit a defendant to obtain concurrent sentencing at the hands of the court in which the earlier proceeding is

---

[1] All statutory references are to the Penal Code.

pending, if such is the court's discretion. . . .' [Citation.] 'That section was placed in the law so that a prisoner could clean up pending charges as well as charges arising while in a prison status so that he would not have these charges hanging over him and waiting for him on his release.' [Citation.]" (*People* v. *Boggs* (1985) 166 Cal.App.3d 851, 855 [212 Cal.Rptr. 683].)

 It is clear that it is to the advantage of a defendant to have a trial on the pending charges while serving an unrelated prison sentence. In the event of a conviction, he will either be sentenced to a concurrent term or, if sentenced to a consecutive term, he gains the advantage of section 1170.1 which limits the sentence to one-third of the midterm and, in most cases, a limit of a maximum commitment of double the base term.

Although all persons who are serving prison terms and who have other unrelated charges pending against them are entitled to seek the benefits of the provisions of section 1381, not all of those who seek to take advantage of its provisions are afforded the benefits of its provisions. Some prisoners are returned to court and are tried and sentenced in accord with section 1381 and section 1170.1. Others, including the defendant in the instant matter, are denied the benefits of sections 1381 and 1170.1 and their charges are dismissed only to be refiled after serving their current sentences. There may be myriad reasons for the prosecutor's refusal to comply with the prisoner's section 1381 request, including, but not limited to, a shortage of prosecutors and overcrowded courts. Perhaps in some instances the refusal to proceed pursuant to section 1381 is to enable the prosecutor to maximize the potential sentence of the defendant. But whatever the reason or reasons for failure to comply with section 1381, we hold that such a denial results from causes beyond the control of the section 1381 petitioner and creates two classifications without constitutional justification.

 "[N]either the Fourteenth Amendment of the Constitution of the United States nor the California Constitution [citations] precludes classification by the Legislature or requires uniform operation of the law with respect to persons who are different. The state may not, however, arbitrarily accord privileges to or impose disabilities upon one class unless some rational distinction between those included in and those excluded from the class exists. 'The concept of the equal protection of the laws compels recognition of the proposition that persons similarly situated with respect to the legitimate purpose of the law receive like treatment.' [Citations.]" (*In re Gary W.* (1971) 5 Cal.3d 296, 303-304 [96 Cal.Rptr. 1, 486 P.2d 1201].) "Since sentencing has a relationship to a defendant's personal liberty, the defendant's interest in sentencing is fundamental. [Citation.] Thus, the state must establish that it has a *compelling* interest which justifies the law and the state must demonstrate that the distinctions drawn by the law are *necessary*

to further that purpose. [Citation.]" (*People* v. *Terflinger* (1978) 77 Cal.App.3d 302, 303-304 [143 Cal.Rptr. 501].)

In the instant case there is no state interest which justifies treating equally situated prisoners differently nor is such a distinction in any way necessary to further the purpose of sections 1381 and 1170.1.

We find that the disparate treatment in sentencing accorded to those who are not brought to trial within the 90-day period after the section 1381 request violates section 1, of the Fourteenth Amendment to the United States Constitution[2] and section 7, article I of the state Constitution[3] in that it constitutes a denial of equal protection of the laws. The two groups are comprised of persons of like circumstances and are therefore entitled to equal protection and security in their enjoyment of their rights. We hold, therefore, that the court below erred in its failure to give credit for time served in prison starting as of the date of the dismissal of the prior proceedings.[4]

The matter is remanded to the trial court for resentencing in accord with this opinion.

Hews, J., and Dales, J.,* concurred.

---

[2] ". . . No state shall . . . enforce any law which shall . . . deprive any person of . . . liberty . . . without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

[3] "A person may not be deprived of . . . liberty . . . without due process of law or denied equal protection of the laws; . . ."

[4] We recognize that under the present statutory scheme it is not possible to fashion a remedy which would result in the defendant who has requested but has been denied relief under section 1381 being sentenced to precisely the same term as one who was provided with the benefits of section 1381. We find, however, that the remaining differences are constitutionally permissible. We urge the Legislature to address the provisions of sections 1381 and 1170.1 to make it possible to achieve precisely equal treatment for the two groups.

*Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.