Filed 11/23/15  P. v. McZeal CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

|  |  |
|---|---|
| THE PEOPLE, | C074751 |
| Plaintiff and Appellant, | (Super. Ct. No. CRF131666) |
| v. | |
| RONALD JAMES McZEAL, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Ronald James McZeal asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We find no arguable error that would result in a disposition more favorable to defendant.

The People also filed a cross-appeal and contend the trial court erred in awarding defendant duplicate custody credits.  We are not persuaded and affirm.

BACKGROUND

In May 2010, following his conviction in Alameda County for possession of concentrated cannabis, defendant was placed on probation and ordered to spend 88 days in county jail. In December 2010, his supervision was transferred to Solano County.

On December 4, 2011, defendant engaged law enforcement officers in a high-speed chase in Yolo County. That chase ended when defendant crashed his car; he suffered serious injuries as a result of the crash. Defendant was treated at UC Davis Medical Center and later released without being arrested.

On February 22, 2012, the Yolo County District Attorney charged defendant with reckless driving while evading a police officer. A warrant issued the following day.

On September 14, 2012, the Solano County Superior Court revoked defendant's probation and sentenced him to two years for his cannabis conviction.

On January 30, 2013, the Yolo County District Attorney received defendant's demand for trial under Penal Code[1] section 1381. On February 5, 2013, the Yolo County District Attorney applied for an order removing defendant from custody in Solano County and transporting him to Yolo County for trial; an order issued two days later. Defendant was then transported to the Yolo County Jail on March 20, 2013. Trial was set for April 29, 2013, but there were no available courtrooms that day.

The following day, the Yolo County District Attorney refiled the complaint charging defendant with reckless driving while evading a police officer. At his arraignment on May 1, 2013, defendant requested four to six weeks to hire his own attorney. Defendant knew his sentence in Solano County was ending in less than 30 days. The court set the case for May 10, 2013, and defendant waived time to that date. The court set the preliminary examination for May 20, 2013.

---

[1]     Undesignated statutory references are to the Penal Code.

On May 17, 2013, defendant filed a motion to dismiss the complaint. In support of his motion, defendant argued his due process rights were violated because the People failed to bring him to trial on the reckless evading charge within 90 days of his section 1381 demand. He argued he was prejudiced because the car he was driving on December 4, 2011, could no longer be located and it was critical to his defense. He also argued the delay caused him to lose the opportunity to be sentenced to a term concurrent to the one he was already serving in Solano County, as well as the opportunity to serve only one-third the midterm consecutively to the term he was serving in Solano County. The court denied defendant's motion, finding defendant was not prejudiced by the delay.

On June 10, 2013, the trial court granted defendant's motion to continue the trial. Trial began on July 8, 2013, and ended with the jury finding defendant guilty as charged. The trial court subsequently found true allegations that defendant previously served three prison terms. Defendant later filed a motion asking the trial court to consider the delay in getting his case to trial when determining his sentence.

At sentencing, the trial court agreed with the People that defendant's crime warranted the upper term. The court noted, however, that had the People "moved more expeditiously" defendant may have been brought to trial sooner. The court also noted that defendant's conduct resulted in injuries only to himself. On balance, the court found the midterm to be appropriate and sentenced defendant to an aggregate term of five years in state prison.

The trial court awarded defendant 177 days of custody credit. Defense counsel then asked the trial court to exercise its discretion and give defendant credit for the 72 days he was in custody awaiting trial after giving his section 1381 demand. The court observed those days were "part of the sentence [defendant] was completing in Solano County"; the court did not believe it had authority to apply those days to the current sentence. The court nevertheless told counsel that if she had authority to support her request, it would consider awarding defendant those 72 days.

Defendant subsequently filed a written request for the additional 72 days he spent in Yolo County Jail awaiting trial, while also serving the remainder of the sentence imposed for his cannabis conviction. In support of his argument, defendant relied primarily on the Supreme Court's decision in *Crockett v. Superior Court* (1975) 14 Cal.3d 433. The probation department advised the trial court defendant was not entitled to credit for this time period; the People argued the same.

On September 12, 2013, the trial court granted defendant's motion and modified its prior order for credits, awarding defendant a total of 161 days of custody credit and 160 days of conduct credit. In reaching its decision, the trial court stated: "The Court finds that equitable credits are allowed under the Crockett case and that [defendant] is an appropriate candidate for that. The Court will then add 72 days of credit." Defendant appeals and the People cross-appeal.

DISCUSSION

A

*Wende Review*

Counsel filed an opening brief that sets forth the facts of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at p. 436.) Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

B

*Cross-Appeal*

In their cross-appeal, the People argue the trial court erred in awarding defendant duplicative custody credits that were "not attributable to the conduct in the instant case." Defendant argues the award of such "credits . . . was required by Equal Protection

because of the disparate treatment in sentencing accorded to [him] when he was not brought to trial within the 90-day period after the section 1381 request, compared to similarly situated defendants who are brought to trial within that time period." We agree.

"The purpose of section 1381 'is to permit a defendant to obtain concurrent sentencing at the hands of the court in which the earlier proceeding is pending, if such is the court's discretion. . . .' [Citation.] 'That section was placed in the law so that a prisoner could clean up pending charges as well as charges arising while in a prison status so that he would not have these charges hanging over him and waiting for him on his release.' " (*People v. Boggs* (1985) 166 Cal.App.3d 851, 855.)

As discussed by the Court of Appeal in *People v. Queen* (1987) 194 Cal.App.3d 501 (*Queen*), "[i]t is clear that it is to the advantage of a defendant to have a trial on the pending charges while serving an unrelated prison sentence. In the event of a conviction, he will either be sentenced to a concurrent term or, if sentenced to a consecutive term, he gains the advantage of section 1170.1 which limits the sentence to one-third of the midterm and, in most cases, a limit of a maximum commitment of double the base term." (*Queen*, at p. 504.)

By failing to comply with section 1381, the prosecutor denies a section 1381 defendant the benefits of sections 1381 and 1170.1. (*Queen*, *supra*, 194 Cal.App.3d at p. 504.) The prosecutor thus "creates two classifications without constitutional justification:" those section 1381 defendants who can benefit from sections 1381 and 1170.1, and those who cannot. (*Queen*, at p. 504.) "Since sentencing has a relationship to a defendant's personal liberty, the defendant's interest in sentencing is fundamental. [Citation.] Thus, the state must establish that it has a *compelling* interest which justifies the law and the state must demonstrate that the distinctions drawn by the law are *necessary* to further that purpose." (*People v. Terflinger* (1978) 77 Cal.App.3d 302, 303-304; quoting *Queen*, at pp. 504-505.)

Here, as in *Queen*, "there is no state interest which justifies treating equally situated prisoners differently nor is such a distinction in any way necessary to further the purpose of sections 1381 and 1170.1." (*Queen*, *supra*, 194 Cal.App.3d at p. 505.) Accordingly, we find the court correctly gave defendant equitable credits for time he served in prison, beginning with the date the prior proceedings were dismissed.

DISPOSITION

The judgment is affirmed.

/s/
Robie, J.

We concur:

/s/
Blease, Acting P. J.

/s/
Nicholson, J.