[No. A021152. First Dist., Div. One. Apr. 9, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
MAURICE DAVIS, Defendant and Appellant.

**[Opinion certified for partial publication.]**

COUNSEL

Michael P. Thorman, under appointment by the Court of Appeal, and Morris & Thorman for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Robert R. Granucci and Thomas A. Brady, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

RACANELLI, P. J.—

### III. *Worktime Credits**

Defendant was sentenced to 4 years in prison with credit for time served (128 days) and good time/work time (64 days). Defendant now contends he should have been given additional credits under the new worktime credits provided under Penal Code section 2933.

The contention is faulty for several reasons. Penal Code section 2933 establishes a new program of worktime credits for *prison inmates* alone. The obvious purpose of the statutory program is to provide incentives for prisoners to work in one of the new prison industries and thereby to

---

*Pursuant to California Rules of Court, rules 976 and 976.1, only part III of this opinion was certified for publication.

develop job skills and work ethics. (Stats. 1982, ch. 1, § 1, p. 1; Pen. Code, §§ 2800, 2801 [Prison Industry Authority created to operate various industrial, agricultural and service enterprises employing prisoners].) Such valid statutory objectives have no relevance to *pretrial detainees.*

 Defendant's reliance on *People* v. *Sage* (1980) 26 Cal.3d 498 [165 Cal.Rptr. 280, 611 P.2d 874] [good time credits uniformly available to sentenced prisoners and pretrial detainees on equal protection grounds] is misplaced. *Sage* extended good time credits to pretrial detainee felons as being similarly situated to prison inmates and pretrial detainee misdemeanants receiving such credit by statutory provision. In contrast, the statute here applies *only* to prison inmates. Pretrial detainees are *not* similarly situated; since they do not stand convicted of a crime, no need arises to provide work incentives for purposes of rehabilitation. (Cf. *People* v. *Olivas* (1976) 17 Cal.3d 236, 247, fn. 15 [131 Cal.Rptr. 55, 551 P.2d 375] ["[T]he state [cannot] presume to rehabilitate persons clothed in the presumption of innocence."].) Moreover, we may judicially notice that county detention facilities are unable to provide job programs similar to the extensive industries run by the state prison system.

Finally, the statutory worktime credits program became effective January 1, 1983. (See *In re Strick* (1983) 148 Cal.App.3d 906 [196 Cal.Rptr. 293].) Since defendant was sentenced to prison on January 3, 1983, his two days of presentence custody would have no effect on his release date assuming, arguendo, the claimed credits applied.

Judgment affirmed.

Elkington, J., and Holmdahl, J., concurred.