[Civ. No. 33175. Fourth Dist., Div. Two. July 25, 1984.]

In re WILLIAM TIMOTHY CLEAVER on Habeas Corpus.

**COUNSEL**

William Timothy Cleaver, in pro. per., for Petitioner.

John K. Van de Kamp, Attorney General, Jay M. Bloom, A. Wells Petersen and Deborah D. Factor, Deputy Attorneys General, for Respondent.

**OPINION**

**RICKLES, J.**—In this petition we are asked to determine if an indigent, detained in county jail after having exercised his right to request trial, is entitled to worktime credits under Penal Code section 2933.[1] The original petition for writ of habeas corpus was denied without opinion by this court. However, the Supreme Court issued an order to show cause and returned the matter to this court. As indicated below, we have chosen to follow our initial ruling and deny this writ.

On December 17, 1982, petitioner (Cleaver) was incarcerated in county jail and charged with violating section 496 (receiving stolen property). Being indigent, Cleaver was unable to make bail. He remained in jail until May 19, 1983, when, after jury trial conviction, he was sent to state prison.

Under section 2931, Cleaver was credited one day for each two days spent in county jail. Cleaver seeks local time credits calculated on a day-for-day

---

[1]Unless otherwise indicated, all section references in this opinion are to the Penal Code.

basis as provided for by section 2933. This section applies to convicted felons serving time in state prison. Under some circumstances, subject to "institutional security and available resources," the prisoner may take part in work or educational programs which would entitle him to worktime credits and thus a reduction of his term on a day-for-day basis.

There is no counterpart to section 2933 that would apply to pretrial felons incarcerated in county jail due to their inability to make bail. Cleaver's petition suggests the following when a pretrial felon cannot make bail: The felon who is able to make bail and the felon who choses to plead guilty, rather than exercise his right to a trial, are at least in a position to *possibly* take advantage of section 2933 sooner than the indigent felon sent to prison after a guilty verdict. Admittedly, in comparing these hypothetical felons discussed above, it is mathematically possible for the former to serve less total days of incarceration than the latter, assuming the same terms are assigned.

Cleaver claims unequal treatment because his indigency prevents him from bailing out. Put another way, Cleaver contends he has been denied equal protection for being indigent and exercising his constitutional right to a jury trial. We review these claims under both equal protection and due process analyses.

■ "The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." (*In re Eric J.* (1979) 25 Cal.3d 522, 530 [159 Cal.Rptr. 317, 601 P.2d 549]; original italics.)

■ This threshold issue can only be met if section 2933 affords different treatment to two similarly situated groups. This statute applies only to post-sentenced felons. Cleaver fails to show, nor can we identify, how (1) persons who are indigent and cannot post bail; (2) persons exercising their right to a jury trial; or (3) a combination of (1) and (2) are similarly situated to the postsentenced felon.

Section 2933 establishes a new program of worktime credits aimed at fostering a self-rehabilitative program for prison inmates. This promotes the intent of the Legislature expressed in Statutes 1982 (ch. 1, § 1, 1 West's

Adv. Legis. Service, p. 67, 4 Deering's Adv. Legis. Service, p. 59). "It is the intent of the Legislature that all able-bodied prisoners in the state prisons be directed to work, inasmuch as the performance of productive work on a regular basis is the most appropriate method of successfully instilling in prisoners the values of a law-abiding and cooperative society and will improve the possibility of their reintegration into that society."

Section 2933 affords state prison inmates the privilege of voluntarily participating in a rehabilitative work-incentive program. Pretrial detainees housed in county detention facilities are not state prison inmates and are not provided work-incentive programs. We take judicial notice that county detention facilities are unable to provide job programs similar to the extensive industries run by the state prison system. Therefore, county governments are not required to provide a work-incentive program allowing section 2933 credits to pre- or postsentenced misdemeanants or felons serving time in county detention facilities.

The preconvicted felon, whether indigent or not, is not in the group for which the Legislature intended this section to apply. That is, the state by statute or otherwise cannot remove the cloak of innocence surrounding pretrial detainees by requiring them to participate in a rehabilitative work program. (*People* v. *Davis* (1984) 154 Cal.App.3d 253 [201 Cal.Rptr. 422].) Therefore, the goals to be achieved by section 2933 have no relevance to pretrial detainees.

Cleaver's reliance on *People* v. *Sage* (1980) 26 Cal.3d 498 [165 Cal.Rptr. 280, 611 P.2d 874], is misplaced. In *Sage,* the court determined the failure to extend good-time credits to pretrial detainee felons was a denial of equal protection. The court reasoned pretrial detainee felons were similarly situated to prison inmates who serve no presentence time and pretrial detainee misdemeanants because the latter two automatically receive conduct credit. The automatic nature of the application of conduct credits to the length of prison terms in *Sage* clearly defines two similarly situated groups. When one argues two similarly situated groups are being treated differently, it is axiomatic that one group is getting something the other is not. The work-incentive program provided for in section 2933 is a *privilege* and not automatically applied to every postconvicted felon. Therefore, some members of the group (postconvicted felons) which Cleaver claims receive special attention, are in fact treated exactly the same as preconvicted felons. (Compare *People* v. *Austin* (1981) 30 Cal.3d 155, 166 [178 Cal.Rptr. 312, 636 P.2d 1].) Absent the automatic application of conduct credits, the equal protection argument fails.

■ Having concluded there is no equal protection violation, we now review under a substantive due process analysis. ■ In cases where governmental action burdens the exercise of a fundamental right, courts will strictly scrutinize the governmental activity. (*People* v. *Olivas* (1976) 17 Cal.3d 236, 243 [131 Cal.Rptr. 55, 551 P.2d 375].) What is the fundamental right being denied Cleaver by burdensome governmental action?

Cleaver has asserted his right to a trial. ■ No one will question that such a right is one of the most basic guarantees in the federal and state Constitutions. ■ All fundamental rights explicit in the Constitution command full respect from governmental action. State interference with these rights is tolerated only where the state establishes it has a *compelling* interest justifying the interfering activity. In addition, the interfering activity must be necessary to further that purpose. (*People* v. *Austin, supra,* 30 Cal.3d at 162.)

■ Cleaver fails to establish how section 2933 (the governmental action in this case) interferes with the exercise of his right to a jury trial. ■ Behind Cleaver's right to a trial stands the notion that one is presumed innocent until guilt is established beyond reasonable doubt before a jury of one's peers. In exercising this right, Cleaver is entitled to face his accusers, to present exculpatory evidence, and to testify in his own behalf.

■ Section 2933's work-time credits cannot be considered, even in the most remote sense, as an incentive to a defendant to waive this right. Indeed, if the defendant is innocent of the charges the *possibility* that he might receive work credits while in prison would have no effect on his exercise of his trial rights. Section 2933 does not interfere with a preconvicted felon's trial rights.

We are thoroughly convinced that the explicit purpose of section 2933, rehabilitation, is furthered by this statute. The Supreme Court has recognized rehabilitation as a legitimate state interest. (*People* v. *Austin, supra,* 30 Cal.3d at 162.) Further granting work-time credits automatically without actual participation in the work-incentive program would substantially undermine the legislative purpose of self-rehabilitation by instilling in prisoners the work ethic in order to develop marketable skills, good work habits, and goal orientation thereby improving the possibility of the prisoner's reintegration into a law-abiding and cooperative society. Section 2933 does not interfere with the exercise of any fundamental rights by Cleaver.

The order to show cause is discharged and the writ of habeas corpus is denied.

Morris P. J., and Kaufman, J., concurred.