Filed 8/9/13  P. v. Keshishyan CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056687 |
| v. | (Super.Ct.No. FSB1104564) |
| ARMAN KESHISHYAN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Kyle S. Brodie, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, and Stephanie Chow and James D. Dutton, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Arman Keshishyan bought merchandise at a Home Depot after attaching fake bar code stickers that caused the merchandise to ring up at a lower price. As a result, he was convicted of second degree burglary. (Pen. Code, § 459.) He admitted one "strike" prior. (Pen. Code, §§ 667, subds. (b)-(i), 1170.12.) He was sentenced to a total of six years in prison, along with the usual fines and fees.

Defendant's sole appellate contention is that he was entitled to additional presentence conduct credit as a matter of equal protection. We reject this contention. Hence, we affirm.

I

DEFENDANT'S ENTITLEMENT TO ADDITIONAL

PRESENTENCE CONDUCT CREDIT AS A MATTER OF EQUAL PROTECTION

A.      *Background.*

Prior to April 4, 2011, Penal Code section 4019 provided presentence conduct credit on a "two-for-four" basis — two days of credit for every four days of actual custody. (Pen. Code, former § 4019, subds. (b), (c), (f), Stats. 2010, ch. 426, § 2.)

On April 4, 2011, Penal Code section 4019 was amended to provide credit on a "two-for-two" basis — two days of conduct credit for every two days of actual presentence custody. (Pen. Code, former § 4019, subds. (b), (c), (f), Stats. 2011, ch. 15, § 482.) The Legislature specified that this amendment "shall apply prospectively and shall apply to prisoners who are confined . . . for a crime committed on or after October 1,

2011. Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law." (Pen. Code, § 4019, subd. (h), Stats. 2011, ch. 39, § 53.)[1]

The charged crime occurred on September 9, 2011. Defendant was sentenced on July 13, 2012. He had spent 127 actual days in presentence custody. The trial court awarded defendant presentence conduct credit on a two-for-four basis; thus, it awarded him 62 days of presentence conduct credit.

B.    *Equal Protection Vis-á-Vis Persons Who Committed Crimes on or after October 1, 2011.*

Because defendant committed his crime before October 1, 2011, he is only entitled to two-for-four credit. A person who committed the identical crime on or after October 1, 2011 would be entitled to two-for-two credit. Defendant contends that this is an equal protection violation.

This argument has been rejected by the California Supreme Court, as well as in every other published case that has considered it. (*People v. Lara* (2012) 54 Cal.4th 896, 906, fn. 9; *People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 54-56; *People v. Verba* (2012) 210 Cal.App.4th 991, 995-997; *People v. Kennedy* (2012) 209 Cal.App.4th 385, 395-399; *People v. Ellis* (2012) 207 Cal.App.4th 1546, 1549-1552.)

---

[1]    This language originally referred to July 1, 2011, rather than October 1, 2011. (Pen. Code, former § 4019, subd. (h), Stats. 2011, ch. 15, § 482.) On June 30, 2011, however, before the amendment had yet come into effect, the Legislature amended it to refer to October 1, 2011. (Pen. Code, § 4019, subd. (h), Stats. 2011, ch. 39, § 53.)

In *Lara*, the defendant argued that the Legislature denied equal protection by making the amended version of Penal Code section 4019 prospective only. (*People v. Lara*, *supra*, 54 Cal.4th at p. 906, fn. 9.) The Supreme Court responded: " . . . '"[T]he obvious purpose"' of a law increasing conduct credits '"is to affect the behavior of inmates by providing them with incentives to engage in productive work and maintain good conduct while they are in prison." [Citation.] "[T]his incentive purpose has no meaning if an inmate is unaware of it. The very concept demands prospective application."' [Citation.] Accordingly, prisoners who serve their pretrial detention before such a law's effective date, and those who serve their detention thereafter, are not similarly situated with respect to the law's purpose. [Citation.]" (*Ibid.*)

We also adopt the reasoning stated in *Verba*:

"[A] statute's . . . operative date . . . is set by the Legislature in its discretion. [Citation.] The exercise of that discretion is subject to rational basis review. [Citations.]" (*People v. Verba*, *supra*, 210 Cal.App.4th at p. 996.)

"We can envision several legitimate reasons for making the increased level of presentence conduct credit applicable only to those who commit their crimes on or after October 1, 2011.

" . . . [T]he Legislature's decision to increase the amount of presentence conduct a defendant could earn 'was intended to save the state money.' [Citation.] The Legislature may have decided that the nature and scope of the fiscal emergency required granting an increase in the level of conduct credits but only at a time after the effective date of the

4

amendments. A slightly delayed operative date, the Legislature may have believed, struck a proper, rational balance between the state's fiscal concerns and its public safety interests.

"A related justification for the prospective application of increased conduct credits lies in the Legislature's right to control the risk of new legislation by limiting its application. 'Requiring the Legislature to apply retroactively any change in the law benefitting criminal defendants imposes unnecessary additional burdens on the already difficult task of fashioning a criminal justice system that protects the public and rehabilitates criminals.' [Citation.]

"In addition, the Legislature could have rationally believed that by tying the increased level of conduct credits to crimes committed on or after a future date, it was preserving the deterrent effect of the criminal law as to those crimes committed before that date. [Citations.] To reward an inmate with enhanced conduct credits, even for time spent in presentence custody after the effective date of the statute, arguably weakens the deterrent effect of the law as it stood when the inmate committed the crime. We see nothing irrational or implausible in a legislative conclusion that individuals should be punished in accordance with the sanctions and given the rewards in effect at the time they committed their offense. Such a punishment scheme also avoids 'sentencing delays and other manipulations.' [Citation.]" (*People v. Verba*, *supra*, 210 Cal.App.4th at pp. 996-997.)

Defendant relies on *In re Kapperman* (1974) 11 Cal.3d 542. However, as the court stated in *Kennedy*:

"In *Kapperman*, the Supreme Court reviewed a provision (then new Penal Code section 2900.5) that made actual custody credits prospective, applying only to persons delivered to the Department of Corrections after the effective date of the legislation. [Citation.] The court concluded that this limitation violated equal protection because there was no legitimate purpose to be served by excluding those already sentenced, and extended the benefits retroactively to those improperly excluded by the Legislature. [Citation.] In our view, *Kapperman* is distinguishable from the instant case because it addressed *actual* custody credits, not *conduct* credits. Conduct credits must be earned by a defendant, whereas custody credits are constitutionally required and awarded automatically on the basis of time served.

"Our Supreme Court recently confirmed, '[c]redit for time served is given without regard to behavior, and thus does not entail the paradoxical consequences of applying a statute intended to create incentives for good behavior. *Kapperman* does not hold or suggest that prisoners serving time before and after the effective date of a statute authorizing *conduct* credits are similarly situated.' (*People v. Brown* (2012) 54 Cal.4th 314, 330 . . . (*Brown*).)

"Although the Supreme Court in *Brown* was concerned with the January 2010 amendment to Penal Code section 4019 [citation], the reasoning of *Brown* applies with equal force to the prospective-only application of the current version of section 4019.

6

"In *Brown*, the California Supreme Court expressly determined that *Kapperman* does not support an equal protection argument, at least insofar as conduct credits are concerned. [Citation.] In rejecting the defendant's argument that the January 2010 amendments to section 4019 should apply retroactively, the California Supreme Court explained 'the important correctional purposes of a statute authorizing incentives for good behavior [citation] are not served by rewarding prisoners who served time before the incentives took effect and thus could not have modified their behavior in response. That prisoners who served time before and after former section 4019 took effect are not similarly situated necessarily follows.' [Citation.]" (*People v. Kennedy*, *supra*, 209 Cal.App.4th at pp. 396-397.)

Defendant derides *Brown* as "flawed." Flawed or not, we are required to follow it. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

C. *Equal Protection Vis-á-Vis Persons Who Were Able to Post Bail*.

Once again, because defendant committed his crime before October 1, 2011, he is entitled to presentence custody credit only on a two-for-four basis. Assume, however, that defendant had been able to post bail. In that event, he would have had no presentence custody and hence no presentence conduct credit. Thus, he would have had to spend additional time in postsentence custody — i.e., in prison. Defendant notes that, under Penal Code section 2933, subdivision (b), a prison inmate is entitled to postsentence conduct credit on a "one-for-one" basis. Defendant contends that this is an equal protection violation because it discriminates against the indigent.

In response, the People rely on a series of cases holding essentially that, unlike presentence conduct credit, postsentence conduct credit serves a rehabilitative purpose and presupposes the availability of work and educational training. (*People v. Ramos* (1996) 50 Cal.App.4th 810, 821-824; *People v. Heard* (1993) 18 Cal.App.4th 1025, 1028-1031; *People v. Caddick* (1984) 160 Cal.App.3d 46, 50-53; *In re Cleaver* (1984) 158 Cal.App.3d 770, 773-774 [Fourth Dist., Div. Two].) These cases were decided, however, under a materially different version of Penal Code section 2933. (Pen. Code, former § 2933, Stats. 1996, ch. 598, § 2; Stats. 1996, ch. 868, § 1.5; Stats. 1995, ch. 557, § 2; Stats. 1994, ch. 90, § 1; Stats. 1988, ch. 121, § 1; Stats. 1986, ch. 1446, § 2; Stats. 1982, ch. 1234, § 4.)

We need not resolve this contention on the merits, because we conclude that defendant lacks standing to raise it, for two reasons. First, defendant cannot show that he was discriminated against based on indigence. The reason he did not post bail was that he had an immigration hold, not that he was indigent; indigent or not, he would not have posted bail. Thus, he lacks standing to assert discrimination based on indigence. (See *People v. Garcia* (1999) 21 Cal.4th 1, 11-12.) Defendant does not argue that the asserted discrimination would be unconstitutional even if it was on the basis of an immigration hold; thus, he has forfeited any such contention.

Second, as a second striker, defendant was not entitled to postsentence conduct credit on a one-for-one basis. Rather, his postsentence conduct credit was limited to 20 percent. (Pen. Code, §§ 667, subd. (c)(5), 1170.12, subd. (a)(5).) Defendant actually

received *more* conduct credit by failing to post bail.  For this reason, too, he lacks standing.

## II

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI _____
Acting P. J.

We concur:


KING _____
J.



CODRINGTON _____
J.

9