Filed 1/22/14  P. v. Patterson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C071346 |
| Plaintiff and Respondent, | (Super. Ct. No. P11CRF0133) |
| v. | |
| JOSEPH ANTONE PATTERSON, | |
| Defendant and Appellant. | |

Defendant Joseph Antone Patterson pleaded guilty to first degree burglary (Pen. Code, § 459; statutory references that follow are to the Penal Code), five counts of receipt of stolen property (§ 496, subd. (a)), felon in possession of a firearm (§ 12021, subd. (a)) and admitted two prior prison term allegations (§ 667.5, subd. (b)). The trial court imposed a stipulated term of 10 years in state prison and awarded 387 days of presentence credit, consisting of 259 actual days and 128 days of conduct credit.  The

trial court subsequently rejected two pro per motions from defendant seeking additional presence credits.

On appeal, defendant contends he is entitled to additional conduct credits as a matter of equal protection because similarly situated defendants who post bail are entitled to earn conduct credits at a higher rate in state prison and because the trial court did not retroactively apply the conduct credit provisions of the Criminal Justice Realignment Act of 2011 (Realignment Act) (Stats. 2011, ch. 15, § 482).  We affirm the judgment.

DISCUSSION

We will forego a discussion of the facts of defendant's crimes as they are unnecessary to resolve this appeal.

Defendant committed his crimes in February and March 2011.  Under the law in effect at the time, defendant, who was convicted of first degree burglary, a serious felony (§1192.7, subd. (c)(18)), was entitled to earn two days of conduct credit for every four days of presence custody.  (Former §§ 2933, 4019 (Stats. 2010, ch. 426).)

Defendant contends that "[d]ue to the most recent changes to credits calculations in the Code, effective October 1, 2011, appellant will receive day for day credits for the time he spends in prison. (§ 2933, subd. (b).)"  According to defendant, had he been freed on bail, "he could receive 257 days of conduct credits for the 257 days he instead spent in jail because he could not post bail, and therefore ea[r]ned only 128 days of conduct credits."  Defendant claims the conduct credit provisions applying to state prison (§ 2933) and presence custody (§ 4019) serve the same purpose, "to encourage good behavior of those in custody."  This, he concludes violates equal protection as there is no rational basis for the disparate treatment of defendants who can and cannot make bail.

As we understand defendant's argument, had he been able to make bail, he would not have begun his period of incarceration until the date of sentencing, that is, November 28, 2011.  From that time forward he will receive day for day credits,

2

effectively reducing his time in incarceration in half.  But, since he was not able to post bail, he was incarcerated for 257 days more than his sentenced time, for which he will only receive 128 days credit.  Put simply, because he was not able to post bail, he will have to serve his sentence in prison plus 128 days, unlike a presentence detainee who was able to post bail.

" 'The equal protection guarantees of the Fourteenth Amendment and the California Constitution are substantially equivalent and analyzed in a similar fashion. [Citations.]'  [Citation.]  We first ask whether the two classes are similarly situated with respect to the purpose of the law in question, but are treated differently.  [Citation.]  If groups are similarly situated but treated differently, the state must then provide a rational justification for the disparity.  [Citation.]  However, a law that interferes with a fundamental constitutional right or involves a suspect classification, such as race or national origin, is subject to strict scrutiny requiring a compelling state interest. [Citation.]"  (*People v. Lynch* (2012) 209 Cal.App.4th 353, 358.)

Section 2933, subdivision (b) states:  "For every six months of continuous incarceration, a prisoner shall be awarded credit reductions from his or her term of confinement of six months.  A lesser amount of credit based on this ratio shall be awarded for any lesser period of continuous incarceration.  Credit should be awarded pursuant to regulations adopted by the secretary.  Prisoners who are denied the opportunity to earn credits pursuant to subdivision (a) of Section 2932 shall be awarded no credit reduction pursuant to this section.  Under no circumstances shall any prisoner receive more than six months' credit reduction for any six-month period under this section."

As defendant correctly points out, this provision entitles a state prisoner to earn one additional day of credit for each day of incarceration.  This "[c]redit is a privilege, not a right," which "must be earned and may be forfeited pursuant to the provisions of

3

Section 2932." (§ 2933, subd. (c).) However, defendant errs in stating this is a result of any recent change to the law.

Defendant's statement that this is a result of recent changes in the calculation of presentence conduct credits effective October 1, 2011 is not correct. The Legislature did change the calculation of conduct credits, effective October 1, 2011, through the Criminal Justice Realignment Act of 2011 (Realignment Act) (Stats. 2011, ch. 15, § 482). The Realignment Act amended the law, entitling defendants to two days of conduct credit for every two days of presentence custody. (§ 4019, subds. (b), (c), (f).) The award of credits is not reduced by a defendant's prior conviction for a serious or violent felony. This provision applies prospectively to defendants serving presentence incarceration for crimes committed on or after October 1, 2011. (§ 4019, subd. (h).)

The Realignment Act also changed section 2933 by deleting a provision governing the calculation of presentence conduct credits. (See § 2933, subd. (e); former § 2933, subd. (e) (Stats. 2010, ch. 426).) The provision upon which defendant relies, subdivision (b) of section 2933 was not changed by the Realignment Act or any other provision effective October 1, 2011. The ability of state prisoners to earn day for day conduct credits was in the initial version of section 2933 that was passed in 1982. (See former § 2933, subd. (a) (Stats. 1982, ch.1234, § 4) ["For every six months of full-time performance in a credit qualifying program, as designated by the director, a prisoner shall be awarded worktime credit reductions from his term of confinement of six months. A lesser amount of credit based on this ratio shall be awarded for any lesser period of continuous performance"].) The current version of subdivision (b) was enacted in 2009, with an effective date of January 25, 2010. (Stats. 2009-2010, 3rd Ex. Sess., ch. 28, § 38.)

In spite of this error, defendant has nonetheless identified a potential equal protection claim. As he points out, a convicted criminal who is in every other respect in the same situation as defendant except that he makes bail could spend less total time in confinement than defendant -- the prisoner who makes bail serves the entire confinement

4

in state prison earning credits at a one for one rate, while defendant earns credits at the two for four rate in presentence custody. However, this is not a new issue. Before the Legislature initiated the series of changes regarding presentence conduct credits in 2010, section 4019 awarded conduct credits at a two for four days rate (see *People v. Brown* (2012) 54 Cal.4th 314, 318 and fn. 4 (*Brown*)), while section 2933 allowed prisoners to earn credits at the one for one ratio.

California courts uniformly rejected equal protection challenges to the different ratios for the calculation of credits used in sections 4019 and 2933: "Numerous cases have held that various classes of detainees are *not* similarly situated with respect to the award of conduct credits. In a context very similar to the one before us, for example, a nonviolent felon earns fewer conduct credits during presentence confinement in a local detention facility (§[§] 2900.5, 4019) than he or she does once sentenced to state prison and enrolled in a qualifying work program (§ 2933). The courts have uniformly rejected equal protection claims challenging this disparity, finding that pretrial detainees and state prison inmates are not similarly situated for purposes of the statutes [citations], or alternatively that the disparate treatment is justified by the state's interest in rehabilitating convicted felons. [Citations]" (*People v. Ramos* (1996) 50 Cal.App.4th 810, 822 (*Ramos*), see also *People v. Caddick* (1984) 160 Cal.App.3d 46, 53; *In re Cleaver* (1984) 158 Cal.App.3d 770, 773-774; *People v. Rosaia* (1984) 157 Cal.App.3d 832, 845, disapproved on other grounds in *People v. Horn* (1989) 213 Cal.App.3d 701, 708; *People v. Davis* (1984) 154 Cal.App.3d 253, 255*; People v. DeVore* (1990) 218 Cal.App.3d 1316, 1319-1320; *People v. Poole* (1985) 168 Cal.App.3d 516, 524-526; *People v. Ross* (1985) 165 Cal.App.3d 368, 377; *People v. Valladares* (1984) 162 Cal.App.3d 312, 320-321; *People v. Caruso* (1984) 161 Cal.App.3d 13, 19-20.)

As the Court of Appeal noted in *Ramos*: " 'While state prison inmates are conclusively guilty and presumptively in need of rehabilitation, pretrial felony detainees are presumptively innocent and may not require rehabilitation. [Citations.] The

5

difficulty of establishing prison-style work programs in county jails for pretrial detainees--who may make bail, or have work programs interrupted by court appearances and other obligations--further distinguishes pretrial detainees from state prisoners and justifies the slightly disparate scheme for awarding conduct credits to the former class.' [Citations.]" (*Ramos, supra*, 50 Cal.App.4th at p. 822.)

Defendant relies primarily on *People v. Sage* (1980) 26 Cal.3d 498, which held that a version of former section 4019 authorizing conduct credits for pretrial detainee misdemeanants but not for pretrial detainee felons violated equal protection. (*Id*. at pp. 507-508.) *Sage* was distinguished in *Ramos* and the other decisions rejecting the equal protection challenge to former section 4019. (*Ramos, supra*, 50 Cal.App.4th at pp. 822-823.) In *Brown*, the California Supreme Court "decline[d] to read *Sage* for more than it expressly holds," and found defendants serving time before and after the effective date to changes in section 4019 were not similarly situated. (*Brown, supra*, 54 Cal.4th at p. 330.) Like the Supreme Court in *Brown*, we decline to extend *Sage* to the different treatment of pretrial detainees and state prisoners.

Defendant's claim is indistinguishable from the previously rejected claims attacking the disparate treatment of pretrial detainees and state prisoners. In addition, the United States Supreme Court has rejected an equal protection challenge to New York law denying "good time" credit to presentence detainees while "permitting credit up to the full period of ultimate incarceration for state prisoners who were released on bail prior to sentencing[.]" (*McGinnis v. Royster* (1973) 410 U.S. 263, 264-265 [35 L.Ed.2d 282, 285-286].) Following the overwhelming weight of authority, we find defendant is not similarly situated to state prisoners released on bail before sentencing, and accordingly reject his claim.

As previously noted, the Realignment Act changed the law so that defendant would be entitled to earn presentence conduct credit at the two for two rate in spite of his being convicted of a serious felony. This change in the law does not apply to defendant,

who committed his crime before the effective date of the Realignment Act, October 1, 2011. (§ 4019, subd. (h).) Defendant contends the failure to apply this change retroactively violates equal protection as he is similarly situated to prisoners who commit their crimes on or after the effective date of the Realignment Act.

Our high court recently rejected an equal protection claim regarding conduct credits awarded under the Realignment Act in *People v. Lara* (2012) 54 Cal.4th 896, 906, fn. 9. Reiterating its reasoning in *Brown*, the court stated, " ' "[t]he obvious purpose" ' of a law increasing conduct credits ' "is to affect the behavior of inmates by providing them with incentives to engage in productive work and maintain good conduct while they are in prison." [Citation.] "[T]his incentive purpose has no meaning if an inmate is unaware of it. The very concept demands prospective application." ' (*Brown*, at p. 329, quoting *In re Strick* (1983) 148 Cal.App.3d 906, 913.) Accordingly, prisoners who serve their pretrial detention before such a law's effective date, and those who serve their detention thereafter, are not similarly situated with respect to the law's purpose. (*Brown*, at pp. 328-329.)" (*Lara, supra*, 54 Cal.4th at p. 906, fn. 9.)

*Brown* and *Lara* apply here. Consequently, we reject defendant's claim.

DISPOSITION

The judgment is affirmed.

　　　　　　　　　　　　　　　　　　　HULL　　　　　　　, J.

We concur:

　　　　　RAYE　　　　　, P. J.

　　　　　HOCH　　　　　, J.